UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN BEELER,

      Plaintiff,                           Case No. 2:21-cv-10903
                                         District Judge George Caram Steeh
v.                                 Magistrate Judge Kimberly G. Altman

RIVAS and SCHILLER,

      Defendants.

_____/

**REPORT AND RECOMMENDATION
TO DISMISS CASE FOR FAILURE TO PROSECUTE**

I.      Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983.  Plaintiff Kevin

Beeler, proceeding *pro se*, filed a complaint naming Rivas and Schiller as

defendants.  As will be explained, since the filing of the complaint, Beeler has not

participated in the case and mailings have been returned as undeliverable.  Most

recently, the undersigned issued an order to show case as to why the case should

not be dismissed for failure to prosecute.  Beeler did not respond.  Accordingly, the

undersigned RECOMMENDS that the case be DISMISSED for failure to

prosecute.

II.     Background

Beeler filed a complaint on April 9, 2021, claiming violations of his First and Eighth Amendment rights.  (ECF No. 1).  The case was stayed and referred to the Pro Se Early Prisoner Mediation Program.  (ECF No. 5).  The case was later excluded from mediation and the stay was lifted because Beeler "was released from custody and failed to update his address with the Court."  (ECF No. 13, PageID.59).  Several mailings from the Court to Beeler's address of record—the correctional facility where he was previously incarcerated—have been returned as undeliverable.  *See* ECF Nos. 8 (order granting IFP), 9 (order staying case), 10 (notice regarding parties' responsibility to notify Court of address change), 12 (order setting mediation conference), 13 (order excluding the case from mediation), 18 (order referring pretrial matters), and 20 (order directing service without prepayment of costs).

On February 17, 2022,[1] the undersigned ordered Beeler to show cause why the case should not be dismissed, explaining in part:

> Parties who are not represented must keep the Court informed of their contact information.  E.D. Mich. LR 11.2.  When a *pro se* party fails to promptly update his contact information, he may face sanctions, including dismissal of the complaint.  *Id*.; *Bugg v. Bauman*, No. 2:19-CV-10262, 2020 WL 7346690, at *1 (E.D. Mich. Oct. 19, 2020).

---

[1] On February 15, 2022, Defendants filed a motion to dismiss or for summary judgment on the grounds that Beeler failed to exhaust his administrative remedies. (ECF No. 23).

(ECF No. 24, PageID.150).  Beeler was ordered to serve notice of his current

address to the Clerk by March 10, 2022, and show cause in writing why his

complaint should not be dismissed for violation of Local Rule 11.2 or for failure to

prosecute under Fed. R. Civ. P. 41(b).  (*Id.*).  Beeler was also directed to show

cause in writing by that date why the Court should not dismiss defendant Rivas for

failure to timely serve him under Federal Rule of Civil Procedure 4(m) or for

failure to prosecute under Rule 41(b).  (*Id.*).  Beeler was advised that the failure to

timely respond to the show cause order could result in a recommendation that the

complaint be dismissed.  (*Id.*).

Beeler did not respond to the order to show cause and on March 10, 2022

(the day his response was due), the order was returned as undeliverable.  (ECF No.

25).

## III.    Discussion

As noted in the order to show case, Rule 11.2 of the Local Rules of the

Eastern District of Michigan authorizes dismissal of a case based upon a party's

failure to keep the Court apprised of address changes and updated contact

information.  The rule states:

> Every attorney and every party not represented by an attorney must
> include his or her contact information consisting of his or her address,
> e-mail address, and telephone number on the first paper that person
> files in a case.  If there is a change in the contact information, that
> person promptly must file and serve a notice with the new contact
> information.  The failure to file promptly current contact information

may subject that person or party to appropriate sanctions, which may
include dismissal, default judgment, and costs.

E.D. Mich. L.R. 11.2. *Pro se* litigants have the same obligation as an attorney to

notify the court of a change of address. *Carey v. King*, 856 F.2d 1439, 1441 (9th

Cir. 1988).

Additionally, Federal Rule of Civil Procedure 41(b) authorizes a federal

court to dismiss a case based upon the "failure of the plaintiff to prosecute or to

comply with these rules or any order of the court . . .," Fed. R. Civ. P. 41(b), and

Rule 41.2 of the Local Rules of the Eastern District of Michigan authorizes the

court to dismiss a case "when it appears that . . . the parties have taken no action

for a reasonable time." E.D. Mich. L.R. 41.2. The Court may therefore dismiss a

civil action for failure to prosecute under these rules. *See Mulbah v. Detroit Bd. of

Ed.*, 261 F.3d 586, 589 (6th Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S.

626 (1962)).

Here, Beeler had a duty to provide the court with his current address and has

been warned that a failure to do so may result in dismissal of his case. As

summarized above, all mail sent to Beeler at the address he provided to the Court

has been returned as undeliverable since October 6 of last year. (ECF No. 13). He

has failed to comply with Local Rule 11.2 and the Court's order to show cause.

Under these circumstances, Beeler has abandoned his case and dismissal is

warranted. *See e.g., White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir.

4

2002) (affirming dismissal of complaint for want of prosecution based upon failure to provide current address); *Harkleroad v. Astrue*, No. 4:03-CV-15, 2011 WL 3627161, at *3 (N.D. Ohio Aug. 17, 2011) ("Indeed, dismissal for failure to prosecute may be appropriate when a *pro se* plaintiff fails to keep the court apprised of her current address.").

## VI.    Conclusion

For the reasons stated above, it is RECOMMENDED that Beeler's case be DISMISSED for failure to prosecute.

Dated: March 14, 2022                              s/Kimberly G. Altman
Detroit, Michigan                                  KIMBERLY G. ALTMAN
                                                   United States Magistrate Judge

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation.  Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation.  *Willis v. Sec'y of Health &*

*Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No.

2," etc.  Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR

72.1(d).  The response must specifically address each issue raised in the objections,

in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," etc.  If the Court determines that any objections are without

merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon
counsel of record and any unrepresented parties via the Court's ECF System to
their respective email or First Class U.S. mail addresses disclosed on the Notice of
Electronic Filing on March 14, 2022.

s/Carolyn M. Ciesla
CAROLYN M. CIESLA
Case Manager
